STATE of Alaska, Petitioner,

v.

Ronald SMITH, Respondent.

Nos. S–11327.

Supreme Court of Alaska.

Dec. 3, 2004.

Before: BRYNER, Chief Justice, MATTHEWS, EASTAUGH, FABE, and CARPENETI, Justices.

### Order

It is Ordered:

The Petition for Hearing, filed on 1/21/04 and granted on 3/8/04, is Dismissed as improvidently granted.

EASTAUGH, Justice, with whom CARPENETI, Justice, joins, dissenting.

EASTAUGH, Justice, with whom CARPENETI, Justice, joins, dissenting.

Because we should decide whether the court of appeals erred in applying Alaska Rule of Evidence 804(b)(3), I dissent from the order dismissing this petition as improvidently granted.

Smith was convicted of murder, assault, and armed robbery. At trial the state introduced hearsay statements of Zachary Brown identifying Smith and Soto, Smith's companion, as having borrowed Brown's shotgun the night of the robbery. The superior court found that Brown was unavailable,[1] and that the identifying statements were against Brown's penal interest, and that they were therefore admissible hearsay under Alaska Rule of Evidence 804(b)(3). The court of appeals reversed. It reasoned that because identification of any participant in the events leading to Smith's conviction would be incriminating, the specific identification of Smith and Soto was not against Brown's penal interest.[2] The court of appeals also held that admitting the statements violated Smith's rights under the Confrontation Clause.[3]

But the context suggests that the identification was against Brown's penal interest.[4] After unloading it, Brown had briefly lent his shotgun at 4 o'clock in the morning to two people he knew to be drug users. He knew when he uttered the statement identifying Smith that a crime had been committed in the vicinity. When the shotgun was returned, he cleaned what he thought was blood from it, removed its pistol grip, and disposed of the weapon. Brown's identification of Smith linked him to whatever crime he reasonably suspected Smith or Soto might have committed, potentially exposing Brown to liability as an accomplice.[5]

The superior court's evidentiary rulings are reviewed for abuse of discretion.[6] This is a deferential standard of review. This record does not permit us, or the court of appeals, to conclude that the superior court abused its discretion in applying Evidence Rule 804(b)(3). I therefore disagree with this court's dismissal of the state's petition for hearing, and would therefore remand to the court of appeals for decision on the Confrontation Clause issue.

---

1. Alaska R. Evid. 804(a)(1).

2. *Smith v. State*, 81 P.3d 304, 307–08 (Alaska App.2003).

3. *Smith*, 81 P.3d at 309.

4. *See Williamson v. United States*, 512 U.S. 594, 603, 114 S.Ct. 2431, 129 L.Ed.2d 476 (1994) ("Moreover, whether a statement is self-inculpatory or not can only be determined by viewing it in context.").

5. *See* AS 11.16.110(2)(B).

6. *Hawley v. State*, 614 P.2d 1349, 1361 (Alaska 1980).